UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOSUE RAMOS and TEODULO VAZQUEZ,  :
On Behalf of Themselves, FLSA Collective  :
Plaintiffs and the Class,  :
  :
            Plaintiffs,  :  Civil Action No. 15 CV 5672 (PKC) (HBP)
  :
    -against-  :
  :
PJJK RESTAURANT CORP. d/b/a BLONDIES  :
SPORTS, PATRICIA MCGREEVEY and JILL  :
HOMODOREAN,  :
  :
           Defendants.  :
------------------------------------------------------------- X


# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

KLEIN ZELMAN ROTHERMEL
JACOBS & SCHESS LLP
485 Madison Avenue—Suite 1301
New York, NY 10022
Tel: 212-935-6020
Attorneys for Defendants

{00123696;4}

# TABLE OF CONTENTS

**PAGE**

I. FACTS ................................................................................................................................. 1

II. EVIDENCE IN SUPPORT OF THE MOTION…………………………………………..2

III. PAINTIFFS CANNOT MAKE A MINIMAL SHOWING THAT POTENTIAL OPT-IN PLAINTIFFS ARE "SIMILARLY SITUATED"…………………………………………3

IV. ALTERNATIVELY, IF THE COURT GRANTS CONDITIONAL CERTIFICATION IT SHOULD DO SO ON A LIMITED BASIS............................................................................ 6

    1. The Collective Action Cannot Include Individuals Employed in Positions Other than those Held by Plaintiffs………………………………………………………....6

    2. The Notice Period Should Be Limited to, At Most, Three Years…………………..8

    3. Plaintiffs Have Failed to Allege "Rare and Exceptional Circumstances" Required for Equitable Tolling…………….…………………………………………………..9

    4. Plaintiffs' Proposed Notice Seeks Information To Which They Are Not Entitled………………………………………………………………..9

V. CONCLUSION................................................................................................................... 10

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

Chowdhury v Duane Reade, Inc., 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007).....................9

Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200 (N.D.N.Y. 2009)...................4

Hamadou v. Hess Corp., 915 F. Supp. 2d 651 (S.D.N.Y. 2013)......................................8

Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 110 S. Ct. 482,
        107 L. Ed. 2d 480 (1989)...................................................................8

Krueger v. New York Telephone Co., 1993 WL 276058 (S.D.N.Y. 1993)...........................9

Masson v. Ecolab, Inc., 2005 WL 2000133 (S.D.N.Y. 2005)............................................9

Morales v. Plantworks, Inc., No. 05 CIV. 2349 (DC), 2006 WL 278154
        (S.D.N.Y. Feb. 2, 2006).....................................................................4

Myers v. Hertz Corp., 623 F.3d 537 (2d Cir. 2010).......................................................3

Reyes et al. v. NY F&B Services LLC, et al., No. 15 CV 2882 (LTS)  (SDNY).....................3

Romero v. La Revise Associates, L.L.C., 968 F. Supp. 2d 639 (S.D.N.Y. 2013).....................8

Sanchez v. JMP Ventures, L.L.C., No. 13 CIV. 7264 KBF,
        2014 WL 465542 (S.D.N.Y. Jan. 27, 2014)................................................2, 4, 5

She Jian Guo v. Tommy's Sushi Inc., No. 14 CIV. 3946 PAE, 2014 WL 5314822
        (S.D.N.Y. Oct. 16, 2014) reconsideration denied, No. 14 CIV. 3964 PAE,
        2014 WL 7373460 (S.D.N.Y. Dec. 29, 2014)............................................6, 7, 9

Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545 (S.D.N.Y. 2013)......................8

Whorley v. Jonrocman 930, LLC, No. 14-CV-1239 PKC, 2015 WL 3609152
        (S.D.N.Y. June 8, 2015) vacated on other grounds, No. 14-CV-1239 PKC,
        2015 WL 5922017 (S.D.N.Y. Aug. 12, 2015).............................................4, 6, 7

Xiao Ling Chen, et al. v. Xpresssa at Term. 4 JFK, LLC, et al., No. 15 CV 1347
        (CBA) (CLP) (EDNY)........................................................................3

**Statutes**

Fed.R.Civ.P. 23...................................................................................................8

18 U.S.C. §§ 2721-2725......................................................................................9

29 U.S.C. § 216(b)............................................................................................3, 5

29 U.S.C.A. § 255...............................................................................................8

NY GBL § 399-h(2)(a).........................................................................................9

Section 203(d) of the New York Labor Law........................................................9

Defendants PJJK Restaurant Corp. d/b/a Blondies (incorrectly stated in the caption as "Blondies Sports") (hereinafter "Blondies" or the "Restaurant"), Patricia McGreevey ("McGreevey") and Jill Homodorean ("Homodorean") (collectively, "Defendants"), by their attorneys, Klein Zelman Rothermel Jacobs & Schess LLP, hereby respectfully submit this Memorandum of Law in Opposition to Plaintiffs' motion for conditional collective certification.

As shown below, Plaintiffs fail to offer competent evidence in support of their motion, instead submitting the same declarations that they have offered – and which have been found to be insufficient – in other cases. Even ignoring the quality of their evidence, Plaintiffs cannot show facts even suggesting that they are similarly situated to other kinds of employees. Finally, if conditional certification were to be granted, it should be on a far more limited basis than requested by Plaintiffs. Similarly, Plaintiffs' request for information about employees is overly broad and their request for equitable tolling unsupported by extraordinary circumstances.

## I.   FACTS

Blondies is a sports bar owned by McGreevey and Homodorean. Plaintiffs Josue Ramos ("Ramos") and Teodulo Vazquez ("Vazquez") were employed by Blondies as a busser and as a food preparer/delivery person, respectively. They commenced this action against Defendants alleging violations under the Fair Labor Standards Act and the New York Labor Law. Subsequently, four individuals opted-in, including Raymundo Alberto ("Alberto"), who was employed as a cook, and Tranquilino Cantia, who was employed as a food preparer/delivery person and later, for six months, as a dishwasher. Plaintiffs now seek conditional certification of a collective action on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks, waiters, bussers, runners

and delivery persons employed by Defendants within the last six years, as well as equitable tolling of the statute of limitations while the motion is pending.

## II.     EVIDENCE IN SUPPORT OF THE MOTION

Ramos, Vazquez, Alberto and Cantia have each submitted a declaration. These declarations offer nothing more than the generic allegations of the complaint. While the declarations provide some detail of the purported wage and hour violations to which Ramos, Vazquez, Alberto and Cantia themselves were subjected, they provide no specific information regarding the practices to which other employees allegedly were subjected, nor any basis on which any of the Plaintiffs would have been aware of the facts with respect to co-workers.

The only information that Plaintiffs provide with respect to any other employees is a short list of names and the identical claim in each declaration that, "Based on my personal observations and conversations" other employees were treated similarly. *See* Ramos Declaration ¶¶ 2-9; Vazquez Declaration ¶¶ 2-10; Alberto Declaration ¶¶ 2-10; and Cantia Declaration ¶¶ 2-8. None of the declarations provides the name of a single co-worker with whom the declarant purportedly conversed about his wages, and there are no claims that the declarants saw any co-worker's pay stubs or other documents. In short, there are no facts purporting to show that the declarants had any basis on which to know about their co-workers pay or working conditions.

Statements of this nature are insufficient for conditional certification. <u>Sanchez v. JMP Ventures, L.L.C.</u>, No. 13 CIV. 7264 KBF, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014). Plaintiffs' counsel is aware of this; within the past two years, using almost identical declarations, his motion for conditional certification largely was denied. <u>Id</u>. In fact, counsel had used almost

{00123696;4}                                            2

the same declaration in numerous cases.[1] Those declarations in all cases contain factual allegations specific to the declarant and a claim that, "Based on my personal observations and conversations..." other employees worked under the same conditions. *See* Affirmation of Jane Jacobs dated December 11, 2015 ("Jacobs Aff."), ¶ _, Ex. C, ¶¶ 4, 6-10; Jacobs Aff., ¶ _, Ex. D, ¶¶ 4, 6-10; Jacobs Aff., ¶ _, Ex. E, ¶¶ 4, 6-9; Jacobs Aff., ¶ _, Ex. F, ¶¶ 3, 5, 6, 8, 9, 11; Jacobs Aff., ¶ _, Ex. G, ¶¶ 3, 5, 6, 8, 9, 11; Jacobs Aff., ¶ _, Ex. H, ¶¶ 3, 5, 6, 8, 9, 11; Jacobs Aff., ¶ _, Ex. I, ¶¶ 3, 5, 6, 8, 9, 11, 12. Because counsel uses the same boilerplate declaration in numerous cases, it necessarily follows that none of the content of those declarations is specific to Blondies; rather, they are a rote recitation of generic allegations.

Plaintiffs cannot rely on boilerplate. They cannot claim that others worked under the same conditions unless they provide some basis for their knowledge. Plaintiffs must allege competent information specific to Blondies and lay a foundation for that knowledge. Absent those facts, the instant motion must fail.

### III. PLAINTIFFS CANNOT MAKE A MINIMAL SHOWING THAT POTENTIAL OPT-IN PLAINTIFFS ARE "SIMILARLY SITUATED"

Section 216(b) of the FLSA provides that plaintiffs may seek to have their case certified as a collective action on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts in this Circuit use a two-stage process to determine whether an FLSA collective action should be certified conditionally. Myers v. Hertz Corp., 623 F.3d 537, 555 (2d Cir. 2010). First, plaintiffs must make a "modest factual showing" that potential opt-in plaintiffs are "similarly situated" to the named plaintiffs. Id. at 555. If plaintiffs meet this initial burden, the court conditionally certifies the collective action and authorizes plaintiffs to send notice to

---

[1] See, e.g., Reyes, et al. v. NY F&B Services LLC, et al., No. 15 CV 2882 (LTS) (SDNY) and Xiao Ling Chen, et al. v. Xpresssa at Term. 4 JFK, LLC, et al., No. 15 CV 1347 (CBA) (CLP) (EDNY) (both of which have motions for conditional certification currently pending).

{00123696;4}                                    3

potential collective action members. "After discovery, the court engages in the second phase of analysis, in which it determines on a full record and under a more stringent standard, whether the additional plaintiffs are, in fact, similarly situated." Whorley, *infra* at *1 (S.D.N.Y. June 8, 2015).

As this Court has noted, "Although plaintiff['s] burden at [the first] stage is 'modest,' 'it is not non-existent' and 'certification is not automatic.'" Whorley v. Jonrocman 930, LLC, No. 14-CV-1239 PKC, 2015 WL 3609152, at *3 (S.D.N.Y. June 8, 2015) vacated on other grounds, No. 14-CV-1239 PKC, 2015 WL 5922017 (S.D.N.Y. Aug. 12, 2015).[2] "Even at the conditional certification stage, a plaintiff's burden under § 216(b) 'cannot be satisfied simply by unsupported assertions,' or with 'conclusory allegations.'" Sanchez v. JMP Ventures, L.L.C., No. 13 CIV. 7264 KBF, 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (internal citations omitted); Morales v. Plantworks, Inc., No. 05 CIV. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (same); Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) ("Although the standard which governs plaintiff's application is lax, and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs.").

Plaintiffs have not made even the "modest factual showing" sufficient to allow conditional certification at the first stage. Sanchez v. JMP Ventures, L.L.C., No. 13 CIV. 7264 KBF, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) is analogous. Sanchez was a delivery person who claimed he had not been paid the applicable minimum wage or overtime and sought

---

[2] As Your Honor is aware, in Whorley, the plaintiff was a waiter and the Court granted conditional certification solely as to waiters but denied it as to all other classifications because Plaintiff failed to meet even the minimal burden required to bring other job categories into the fold. When plaintiff failed to comply with Your Honor's order with respect to waiters, the Court vacated conditional certification even as to them.

{00123696;4}                                  4

conditional certification of a class of "all tipped employees, including delivery persons, bussers, runners, waiters, and bartenders." Id. at *1. In support of his motion, Sanchez submitted a declaration in which he described the policies to which he allegedly was subjected. Throughout his declaration he repeatedly claimed, "based on my personal observations and conversations," other potential class members (some of whose names he listed) were treated similarly. Id. at *2; Jacobs Aff., ¶ ___, Ex. A, ¶¶ 5-14. In denying Sanchez's motion for conditional certification, the court explained:

> Plaintiff does not, however, provide *any* detail as to a *single* such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process. Instead, the Court is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint. These are precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b).

Id. at *2 (emphasis in original).

Plaintiffs here are represented by the same law firm, Lee Litigation Group, PLLC, that represented the plaintiff in Sanchez. The declarations submitted in this matter follow the same format and share the same flaws that the court found to be fatal in Sanchez: they provide only general allegations similar to the complaint and do not provide any detail as to other potential class members. Like the declaration in Sanchez, the declarations here describe the violations to which Ramos, Vazquez, Raymundo and Cantia were allegedly subjected, and then attempt to rope in potential class members by repeatedly claiming at the end of each paragraph: "Based on my personal observations and conversations" other employees were treated similarly.[3] *See*

---

[3] We also note that Plaintiffs' memorandum of law is similarly boilerplate, as the majority of it is copied *verbatim* from the motion papers in Sanchez. *Compare* Plaintiffs' Memorandum of Law, pp. 4-12 to Jacobs Aff. ¶ ___, Ex. B, pp. 3-11.

Ramos Declaration ¶¶ 2-9; Vazquez Declaration ¶¶ 2-10; Alberto Declaration ¶¶ 2-10; and Cantia Declaration ¶¶ 2-8. These conclusory allegations are an insufficient basis on which to conditionally certify a class under § 216(b). For this reason, Plaintiffs' motion should be denied in its entirety.

## IV. ALTERNATIVELY, IF THE COURT GRANTS CONDITIONAL CERTIFICATION IT SHOULD DO SO ON A LIMITED BASIS

As set forth above, Defendants contend that Plaintiffs have failed to meet their burden for conditional certification. However, if the Court grants conditional certification it should limit the collective action to those individuals employed by Defendants within the last three years in the job classifications held by Plaintiffs and should deny Plaintiffs' request for equitable tolling.

### 1. The Collective Action Cannot Include Individuals Employed in Positions Other than Those Held by Plaintiffs

If a class is to be certified conditionally, it should be comprised only of those individuals employed in the same classifications as Plaintiffs, as this Court did in Whorley, *supra*, and another court in this district did in She Jian Guo v. Tommy's Sushi Inc., No. 14 CIV. 3946 PAE, 2014 WL 5314822, at *1 (S.D.N.Y. Oct. 16, 2014) reconsideration denied, No. 14 CIV. 3964 PAE, 2014 WL 7373460 (S.D.N.Y. Dec. 29, 2014).

In She Jian Guo, all three named plaintiffs were deliverymen, yet plaintiffs sought a collective action as to "all of those hourly paid, nonmanagerial employees of the defendants." Id. at *3-4. The court granted conditional certification only as to deliverymen and denied it as to all other employees. Id. at *3. The court explained that with respect to individuals employed in positions other than deliveryman, plaintiffs merely alleged that they would compare wages with their co-workers and that their co-workers also were not paid minimum wage. Id. at *3. The Court found these assertions to be too vague and conclusory, noting that "[p]laintiffs'

submissions do not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees." Id.

Similarly, in Whorley, plaintiff, a waiter, sought a conditional certification of a collective action as to "all non-exempt hourly employees of the defendants." Id. at *1. The only other classification for which plaintiff provided any degree of specificity was cooks. Plaintiff identified five cooks by name and provided the hours they worked, which he gathered from either discussing their schedules with them or witnessing them at work. However, Your Honor found that to be insufficient, finding:

> Plaintiff's declaration, however, provides little to no information regarding individuals who performed other job functions at defendants' restaurant, and as such, the Court cannot conclude that there is evidence that plaintiff is similarly situated to 'all non-exempt hourly employees.' ... Without more detailed factual allegations, the Court has no basis for concluding that all cooks or hourly employees were similarly situated victims of an illegal policy or plan"

Id. at *3.

As noted above, Ramos was a busser, Alberto was a cook, Vazquez and Cantia were both food preparers and delivery persons, and Cantia worked also as a dishwasher for the last six months of his employment. Plaintiffs seek to conditionally certify a group including the following additional classifications: cashiers, hosts/hostesses, porters, bartenders, barbacks, waiters and runners. However, as was the case in both Whorley and She Jian Guo, Plaintiffs provide absolutely no information regarding these other classifications. Instead, they rely on their conclusory refrain at the end of each paragraph in their declarations: "Based on my personal observations and conversations" other employees were treated similarly. *See* Ramos Declaration ¶¶ 2-9; Vazquez Declaration ¶¶ 2-10; Alberto Declaration ¶¶ 2-10; and Cantia Declaration ¶¶ 2-8. Thus, there is no basis for the court to conclude that cashiers,

hosts/hostesses, porters, bartenders, barbacks, waiters and runners were similarly-situated victims of an illegal policy or plan.

### 2. The Notice Period Should Be Limited to, At Most, Three Years

The statute of limitations under the Fair Labor Standards Act is two years for non-willful violations and three years for willful violations. 29 U.S.C.A. § 255 (West). Plaintiffs seek to conditionally certify a class going back six years. However, where, as is the case here, "The motion before the Court is only for collective certification of a FLSA opt-in class, and not class certification under Fed.R.Civ.P. 23 for claims under the NYLL … Authorizing notice for a time period twice the length of the maximum FLSA limitations period would not serve the efficiency goal articulated [by the United States Supreme Court] in Hoffmann."[4] Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013); *see also* Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (limiting the notice period to three years because, "It would be confusing to employees who are ineligible to receive an opt-in notice which does not relate to any state law claims that may someday be certified—and which is an opt-*out*, not an opt-*in*, class, so there is no danger of claim lapse"); Romero v. La Revise Associates, L.L.C., 968 F. Supp. 2d 639, 649 (S.D.N.Y. 2013) (limiting the notice period to three years where no New York State class action had been certified). Thus, the notice period should be limited to, at most, three years.

---

[4] In Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169, 110 S. Ct. 482, 486, 107 L. Ed. 2d 480 (1989), the Supreme Court explained that the court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management.

### 3. Plaintiffs Have Failed to Allege "Rare and Exceptional Circumstances" Required for Equitable Tolling

Contrary to Plaintiffs' contention, equitable tolling "is appropriate 'only in rare and exceptional circumstances,' (citation omitted), 'where a plaintiff has been prevented in some extraordinary way from exercising his rights.'" She Jian Guo, *supra* at *6 (internal citations omitted) (denying motion for equitable tolling). Here, Plaintiffs have not alleged any unusual or extraordinary circumstances. Therefore, Plaintiffs request should be denied.

### 4. Plaintiffs' Proposed Notice Seeks Information to Which They Are Not Entitled

Plaintiffs seek an Order from the Court requiring that within ten days of the Order, Defendants "produce in Excel format the names, titles, Social Security numbers, compensation rates, periods of employment, last known mailing addresses, e-mail addresses, and telephone numbers of all Covered Employees." However, much this information, especially social security numbers, is protected by state and federal laws. *See, e.g.*, Section 203(d) of the New York Labor Law, NY GBL § 399-h(2)(a) (2009), 18 U.S.C. §§ 2721-2725. There is no legitimate reason for Plaintiffs to possess the majority of information that they seek. *See* Chowdhury v. Duane Reade, Inc., 2007 WL 2873929, at *2 (S.D.N.Y. Oct. 2, 2007). Moreover, courts in this district have limited such disclosures to names and last known addresses. *See* Krueger v. New York Telephone Co., 1993 WL 276058, *3 (S.D.N.Y. 1993); Masson v. Ecolab, Inc., 2005 WL 2000133, *16 (S.D.N.Y. 2005). Plaintiffs are well aware of this limitation – despite the broad request, their Memorandum of Law addresses only Social Security numbers, which they claim they need in case notices are returned as undeliverable. (Plaintiffs' Memorandum of Law, pp. 10-11.) However, this rationale is insufficient to justify disclosure of legally-protected personal information, especially at this early stage. Finally, Plaintiffs have not articulated any reason why

any of the information sought is needed within ten days. Defendants submit that to the extent any such information must be provided 30 days is more than reasonable.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Honorable Court deny Plaintiffs' motion for Conditional Collective Action Certification in its entirety or, in the alternative, limit certification to those cooks, food preparers, dishwashers, bussers and delivery persons similarly situated to Plaintiffs and employed by Defendants in the last *three* years and deny Plaintiffs request for equitable tolling.

Dated: New York, New York
       December 11, 2015

KLEIN ZELMAN ROTHERMEL
JACOBS & SCHESS LLP

By: _____
Jane B. Jacobs
Jesse Grasty
485 Madison Avenue, Suite 1301
New York, New York 10022
(Tel) 212-935-6020
(Fax) 212-753-8101
Attorneys for *Defendants*