# KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

ATTORNEYS AT LAW
485 MADISON AVENUE
NEW YORK, NEW YORK 10022-5803
TEL (212) 935-6020
FAX (212) 753-8101

December 21, 2015

**VIA ECF AND FAX (212-805-7949)**

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007-1312

   Re: **Ramos, et al. v. PJJK Restaurant Corp. d/b/a Blondies Sports, et al.**
     **Case No. 15-CV-5672 (PKC)**

Dear Judge Castel:

  We represent Defendants in the above-referenced action. We submit this letter to seek the Court's assistance and direction.

  The parties appeared before you on October 14, 2015. At that conference Plaintiffs' counsel stated that he wanted to settle the matter and was waiting for a settlement offer from Defendants. In fact, days earlier he had refused to participate in such talks; regardless, within days of the conference, Defendants made a formal settlement offer accompanied by a detailed explanation of the offer and how it tracked the allegations of the complaint, ultimately reducing it to an offer to confess judgment. Counsel did not respond, and during a subsequent call on other matters advised Defendants that the offer was too low. Assuming that Counsel conveyed the offer to his clients, he then refused to make a counteroffer, instead serving extensive discovery demands.

  Both the individual and corporate defendants have no resources. The corporate defendant, a sports bar, is deeply in debt, owing more than $200,000 to its landlord, and is subject to multiple tax liens; it is in arrears to food and liquor suppliers. It owes more than $100,000 in professional fees *exclusive* of its debt to this firm. The individual Defendants have few or no assets (none of consequence), rent modest apartments, and take extremely small sums as wages from the business.

  In light of our clients' limited financial resources we asked to speak to Plaintiffs' counsel to advise him of these issues, to offer full documentation of these claims, and to try to work out some resolution that over time would secure some payments to his clients. Given a choice

{00123929;1}

KLEIN ZELMAN ROTHERMEL JACOBS & SCHESS LLP

Hon. P. Kevin Castel
Page 2
December 21, 2015

between spending Defendants' limited resources responding to discovery or spending it on a settlement, the choice seemed obvious.

We barely began speaking before Counsel began shouting, literally refusing to allow us to finish a sentence, taunting one of the attorneys on the case ("Now you're sticking up for your boss?"), yelling, "Why did you oppose my motion! I told you not to oppose my motion!", telling us to "do some work", incorrectly accusing us of never having made an offer, and finally hanging up on us.

We recognize that the Court cannot force a party to be reasonable or professional, but we have two options: we either can ask to be relieved as counsel or we can ask the Court's assistance in trying to resolve this matter. We would prefer the latter.

For that reason, we request a conference with the Court, with parties present, and also request that discovery deadlines be stayed pending this conference. We also note that before this letter could be filed, Plaintiffs filed a letter motion to compel discovery, claiming that the parties met and conferred regarding discovery during today's call and that Defendants, "are unable to prepare the responsive documents at this time, and were unable to provide a timeline as to when they can produce them." That is incorrect; the parties did not meet and confer about discovery and Defendants did not address the discovery issue except to say, as we have here, that limited resources would be better spent on settlement.

Thank you for your consideration.

Respectfully Yours,

Jane B. Jacobs

cc:   Lee Litigation Group, PLLC via ECF

{00123929;1}