UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSUE RAMOS and TEODULO VAZQUEZ, on
behalf of themselves, FLSA Collective Plaintiffs
and the Class, NATALIO DE JESUS,
REYMUNDO ALBERTO, TRANQUILINO
CANTIA and SAUL VASQUEZ,

                        Plaintiffs,                                  15-cv-5672 (PKC)

            -against-                                                MEMORANDUM
                                                                     AND ORDER

PJJK RESTAURANT CORP. d/b/a BLONDIES
SPORTS, PATRICIA MCGREEVEY and JILL
HOMORODEAN,

                        Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

            Plaintiffs move for the conditional certification of a collective action for claims

brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").  They allege

that defendants, who own and manage an Upper West Side restaurant named Blondies Sports

("Blondies"), failed to pay the minimum hourly wages and overtime wages required by the

FLSA, and that other, similarly situated employees were also denied minimum wage and

overtime pay.  Plaintiffs seek the conditional certification of a collective action that includes

"cooks, food preparers, dishwashers, cashiers, hosts/hostesses, porters, bartenders, barbacks,

waiters, bussers, runners and delivery persons" employed at Blondies within the last six years.

(Proposed Order ¶ 1.)

            For the reasons explained, the plaintiffs have come forward with evidence

sufficient to make out the modest burden of showing that other similarly situated employees

were subject to a common employment practice.  However, their proposed collective action is

overbroad.  For the reasons explained, it is limited to bussers, food preparers, delivery persons,

dishwashers and cooks employed at Blondies within the last three years

STANDARD FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION.

   The FLSA provides that employees may sue on behalf of "themselves and other

employees similarly situated." 29 U.S.C. § 216(b).  Similarly situated employees must "opt in"

to an action by filing a "consent in writing to become . . . a party." 29 U.S.C. § 216(b).

   District courts have discretion to implement section 216(b) "'by facilitating notice

to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as

represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010)

(quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)).  "Orders authorizing

notice are often referred to as orders 'certifying' a collective action, even though the FLSA does

not contain a certification requirement." Damassia v. Duane Reade, Inc., 2006 WL 2853971, at

*2 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.).

   Courts in this Circuit use a two-stage process to determine whether a FLSA

collective action should be certified. Myers, 624 F.3d at 554-55.  At the first phase, the court

makes a preliminary determination as to whether potential opt-in plaintiffs are "similarly

situated" to the named plaintiffs. See id. at 555; Damassia, 2006 WL 2853971, at *3.  The Court

must determine whether there is a "factual nexus" between the named plaintiff's situation and the

situation of other putative collective action members. Fasanelli v. Heartland Brewery, Inc., 516

F. Supp. 2d 317, 321 (S.D.N.Y. 2007).  The plaintiffs' burden at this initial stage is "minimal,"

Damassia, 2006 WL 2853971, at *3, requiring only a "'modest factual showing' that they and

potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

law.'" Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261

(S.D.N.Y. 1997)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." Myers, 624 F.3d at 555 (internal citations omitted).

Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather "courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." Hoffman, 982 F. Supp. at 262; see also Romero v. H.B. Auto. Grp., Inc., 2012 WL 1514810, at *8 (S.D.N.Y. May 1, 2012) ("[C]onditional certification is to be decided early in the litigation process . . . ."). Without the benefit of full discovery, courts in this district have approved conditional collective action certification based on the facts alleged in the complaint and one accompanying affidavit. See, e.g., Hernandez v. Bare Burger Dio Inc., 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("[C]ourts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."); Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (same).

If the plaintiff meets this burden, the court conditionally certifies the collective action and authorizes the plaintiff to send notice to potential collective action members. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368-69 (S.D.N.Y. 2007). Court-authorized notice is preferred because such notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Hoffman-La Roche, 493 U.S. at 172. After discovery, the court engages in the second phase of

analysis, in which it determines on a full record and under a more stringent standard, whether the additional plaintiffs are, in fact, similarly situated. Myers, 624 F.3d at 555.

## THE MOTION FOR CONDITIONAL CERTIFICATION IS GRANTED, WITH MODIFICATION.

### A. Plaintiffs Have Come Forward with Evidence of Common Policies Affecting Similarly Situated Employees.

Plaintiffs Josue Ramos, Teodulo Vazquez, Tranquilo Cantia and Raymundo Alberto have submitted sworn declarations that describe their conditions of employment. Each declaration has been drafted in English and Spanish, and both versions are signed by the declarants.

Ramos states that he worked as a busser at Blondies from January 2003 until in or about April 28, 2015. (Ramos Dec. ¶ 1.) Ramos states that he regularly worked 47 hours per week, was required to work without a lunch break, and was not required to clock in or clock out. (Ramos Dec. ¶ 3.) He states that based on his personal observations and conversations, other employees were required to work similar hours. (Ramos Dec. ¶ 3.) His declaration identifies fourteen such employees by name and job title. (Ramos Dec. ¶ 2.) According to Ramos, from July 2009 through August 2014, he was paid a fixed salary of $30 per shift regardless of the number of hours worked, and that from September 2014 until the end of his employment at Blondies, he received a wage of $5 per hour. (Ramos Dec. ¶ 4.) He states that he never received notice that defendants were taking a tip credit or that he was permitted to retain tips, and that he was never paid overtime compensation. (Ramos Dec. ¶¶ 6-7.) Ramos states that he observed that other employees were also denied overtime wages and did not receive notice concerning tips. (Ramos Dec. ¶¶ 6-7.)

Vazquez states that from 2005 to present, he has worked at Blondies as a food preparer and delivery person. (Vazquez Dec. ¶ 1.) He states that from 2009 until May 2013, he worked 67 hours per week, was required to work without a lunch break, and was not required to clock in or clock out. (Vazquez Dec. ¶ 3.) He states that based on his personal observations and conversations, other employees were required to work similar hours. (Vazquez Dec. ¶ 3.) Throughout his employment, he has worked as a food preparer for the first six hours of the workday and then as a delivery person for the remaining portion of the workday. (Vazquez Dec. ¶ 4.) He states that from 2009 through 2014, he was paid $5 per hour as a food preparer and $3 per hour for delivery work, including for hours in excess of 40 hours per week. (Vazquez Dec. ¶ 5.) Since January 2014, his pay increased to $8 per hour as a food preparer and $6 per hour work delivery work, including for time that exceeded 40 hours per week. (Vazquez Dec. ¶ 5.) Vazquez states that he did not receive notice that defendants were claiming a tip credit or that he was entitled to retain tips, and that he was never paid overtime compensation. (Vazquez Dec. ¶¶ 6-7.) Vazquez states that he observed that other employees were also denied overtime wages and did not receive notice concerning tips. (Vazquez Dec. ¶¶ 6-7.) He also asserts that although he routinely worked more than 10 hours per day, he was not paid a proper spread-of-hours premium, and that he observed that other employees also did not receive spread-of-hours premiums. (Vazquez Dec. ¶ 8.)

Cantia states that he worked as a food preparer, delivery person and dishwasher at Blondies from October 2012 until July 24, 2015. (Cantia Dec. ¶ 1.) He states that through January 2015, he regularly worked 72 hours per week as a food preparer and delivery person, and from February 2015 through the end of his employment, he worked 27 hours per week as a dishwasher. (Cantia Dec. ¶ 3.) He states that he worked without a lunch break and was not

required to clock in or clock out. (Cantia Dec. ¶ 3.) Cantia states that he was paid $8 per hour

for work as a food preparer and $5.50 per hour for work as a delivery person, including for time

worked in excess of 40 hours per week. (Cantia Dec. ¶ 5.) For his work as a dishwasher, he was

paid $8 per hour, including for overtime work. (Cantia Dec. ¶ 5.) Vazquez states that he did not

receive notice that defendants were claiming a tip credit or that he was entitled to retain tips, and

that he was never paid overtime compensation. (Cantia Dec. ¶¶ 6-7.) He also asserts that

although he routinely worked more than 10 hours per day, he was not paid a proper spread-of-

hours premium, and that he observed that other employees also did not receive spread-of-hours

premiums. (Cantia Dec. ¶ 8.)

Alberto states that he has worked as a cook at Blondies from 2004 through

present. (Alberto Dec. ¶ 1.) From the start of his employment through January 2014, he states

that he regularly worked 54.5 hours per week. (Alberto Dec. ¶ 3.) From January 2014 through

present, he has worked approximately 49.5 hours per week. (Alberto Dec. ¶ 4.) He states that he

was paid $8 per hour from 2009 to 2011, $9 per hour from January 2012 through the end of 2013

and $11 per hour from January 2014 onward, including for all overtime hours. (Alberto Dec. ¶

4.) He states that based on his personal observations and conversations, other employees

covered by the FLSA were required to work similar hours and did not receive overtime pay.

(Alberto Dec. ¶¶ 3, 5.) He also asserts that although he routinely worked more than 10 hours per

day, he was not paid a proper spread-of-hours premium, and that he observed that other

employees also did not receive spread-of-hours premiums. (Alberto Dec. ¶ 6.)

In opposition, defendants argue that plaintiffs' declarations lack sufficient detail

and clarity as to common policies that affect similarly situated employees. They principally rely

on Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) (Forrest, J.).

There, a plaintiff moved to conditionally certify a class consisting of all tipped employees who worked at three restaurants over a three-year period. Id. at *1. However, the plaintiff submitted an affidavit reflecting that he worked as a delivery person at only two of the three defendant restaurants, and that his employment lasted for seven months of the three-year period for which he sought certification. Id. at *2. Sanchez noted that the affidavit provided no detail concerning any of his observations or conversations concerning defendants' alleged common polices. Id. "As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." Id. "Conditional certification of the class proposed by plaintiffs – a class of all tipped employees, at three restaurants, over a three-year period – is not supported by plaintiff's declaration as submitted." Id.

The record in Sanchez did not provide sufficient detail as to which policies were purportedly in place at which restaurant, and for how long. But here, all claims are brought against a single restaurant, and plaintiffs were employed during the time period for which they seek conditional certification: Ramos from 2003 to 2015, Vazquez from 2005 through present, Cantia from 2012 to 2015 and Alberto from 2004 to present. In contrast to Sanchez, the record here establishes that plaintiffs worked for a single, identifiable employer during the entirety of the relevant period.

The plaintiffs have come forward with four declarations that identify the number of hours that each declarant worked in a typical week, the length of their employment at Blondies and their wages during the relevant period. The declarants' positions at Blondies include work as a busser, food preparer, delivery person, dishwasher and cook. Each has

identified by name and position other employees who, they contend, were subjected to common employment practices.

Plaintiffs have made out the necessary, modest factual showing that potential opt-in plaintiffs are similarly situated, and potentially were subject to a common employment policy.

B. The Proposed Collective Action Is Limited Only to Employees with the Same Positions as Plaintiffs.

As noted, the declarants have worked at Blondies in positions that include busser, food preparer, delivery person, dishwasher and cook. However, they have moved for conditional certification as a collective action for a broader range of employees, including cashiers, hosts, hostesses, porters, bartenders, barbacks, waiters and runners. (Proposed Order ¶ 1.)

Each of the four declarants identifies by name and position other employees that they assert "were subject to the same wage and hour policies," and each states that this information was "[b]ased on my personal observations and conversations . . . ." (Ramos Dec. ¶ 2; Vazquez Dec. ¶ 2; Cantia Dec. ¶ 2; Alberto Dec. ¶ 2.) Ramos lists fourteen such employees, Vazquez lists eleven, Cantia lists five and Alberto lists eleven. (Ramos Dec. ¶ 2; Vazquez Dec. ¶ 2; Cantia Dec. ¶ 2; Alberto Dec. ¶ 2.) Accounting for apparent overlap between the individuals identified by the declarants, it appears that they have named approximately 29 different employees who were purportedly subject to common wage-and-hour policies.

Plaintiffs' declarations do not make the modest showing that employees in these varying positions were similarly positioned to the plaintiffs. The declarations vaguely claim the existence of common policies based on "personal observations and conversations . . . ." (See, e.g., Ramos Dec. ¶ 3.) They offer no detail as to why they believe that these employees were subject to the same common policy as the declarants. Given plaintiffs' vague factual averments, they have not made the factual showing required to include all hourly employees in the collective

action. See, e.g., Whorley v. Jonrocman 930, LLC, 2015 WL 3609152, at *3 (S.D.N.Y. June 8,

2015) (granting conditional certification to wait staff but not as to other hourly employees

because the record "provides little to no information regarding individuals who performed other

job functions at defendants' restaurant . . . ."), vacated on other grounds, 2015 WL 5922017

(S.D.N.Y. Aug. 12, 2015); She Jian Guo v. Tommy's Sushi Inc., 2014 WL 5314822, at *3

(S.D.N.Y. Oct. 16, 2014) (concluding that "[t]he Court can fairly infer that other deliverymen

worked similar shifts for comparable pay," but that there was no evidence reflecting a common

policy that also covered "chefs, waiters, kitchen workers, dishwashers, and delivery persons")

(Engelmayer, J.).

Because there is no basis to conclude that all hourly employees at Blondies were

subject to a common policy, the collective action is limited only to those employees with the

same positions as the plaintiffs, i.e., bussers, food preparers, delivery persons, dishwashers and

cooks.

C. Conditional Certification Is Granted Only as to Covered Individuals
   Employed within the Past Three Years.

Plaintiffs seek conditional certification of a collective action that consists of non-

exempt employees "employed by Defendants within the last six (6) years . . . ." (Proposed Order

¶ 1.) The FLSA's limitation period is a maximum of three years, however, and the collective

action is limited accordingly.

The FLSA has a two-year limitations period for non-willful violations and a three-

year limitations period for willful violations. 29 U.S.C. § 255(a). Plaintiffs argue that a six-year

limitations period is appropriate because, in addition to FLSA claims, they also bring claims as a

putative class action under New York Labor Law (the "NYLL"), which has a six-year limitations

period. (Reply at 7-8.) They contend that there are greater efficiencies in providing for employee notice that includes both three-year FLSA claims and six-year NYLL claims.

However, plaintiffs have not moved to certify a class under the NYLL. They do not explain how efficiency or judicial economy are enhanced if the collective action notice includes a six-year limitations period for NYLL claims that have not received class certification. See, e.g., Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (denying motion to include six-year limitations period in FLSA notice because "[a]uthorizing notice for a time period twice the length of the maximum FLSA limitations period would not serve the efficiency goal . . . .") (Engelmayer, J.).

Plaintiffs' collective action is therefore conditionally certified only as to employees who were employed by defendants within the preceding three years.

D.  Plaintiffs Have Not Established an Entitlement to Equitable Tolling.

Plaintiffs contend that the limitations period should be tolled for all opt-in plaintiffs. "[I]n a FLSA collective action the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit." Jackson v. Bloomberg, L.P., 298 F.R.D. 152, 170 (S.D.N.Y. 2014) (Oetken, J.) (citing 29 U.S.C. § 256(b)). "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances, but it applies only in the rare and exceptional case." Lanzetta v. Florio's Enterprises, Inc., 763 F. Supp. 2d 615, 622 (S.D.N.Y. 2011) (Chin, J.) (internal citations and quotation marks omitted). "[T]he failure to provide an employee the notice required by the FLSA may be a sufficient basis for tolling . . . but only if that failure contributed to the employee's unawareness of his rights." Id. at 622-23.

Plaintiffs have made no evidentiary showing as to why equitable tolling is warranted. They merely contend that courts "routinely grant" requests for equitable tolling in FLSA actions, and should be afforded to opt-in plaintiffs who have not brought claims for "reasons beyond their control . . . ." (Reply Mem. at 8.) These arguments are vague and conclusory, and plaintiffs have pointed to no evidence that supports equitably tolling the limitations period. Their equitable tolling request is therefore denied.

E.  <u>Plaintiffs Are Not Entitled to Employee Social Security Numbers.</u>

Plaintiffs seek to require defendants to produce the social security numbers of all employees covered by the collective action notice. (Proposed Order ¶ 4.) "While courts often decline to allow discovery of social security numbers due to privacy concerns, it is generally accepted that such discovery is permitted where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice." <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011) (Sand, J.). Plaintiffs have not demonstrated why notice cannot be effectuated through contact information, and argue only that Social Security numbers can be protected by way of a confidentiality agreement. (Reply at 8-9.)

Plaintiffs have made no showing as to why social security numbers should be produced, and the request for their production is therefore denied.

CONCLUSION.

Plaintiffs' motion for conditional certification as a collective action is GRANTED. (Docket # 29.) The Clerk is directed to terminate the motion.

However, the collective action is limited to bussers, food preparers, delivery persons, dishwashers and cooks employed at Blondies within the last three years.

Plaintiffs are ordered to submit within fourteen (14) days a proposed Order and a proposed Collective Action Notice consistent with this Memorandum and Order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 10, 2016